IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| TEMETRIUS RICHARDSON,<br>    Plaintiff,<br><br>                v.<br><br>R. DAVID, BADGE #3111, *in his individual capacity, as City of Atlanta Police Officer*, and CITY OF ATLANTA POLICE DEPARTMENT,<br>    Defendants. | Civil Action No.<br>1:23-cv-05963-SDG |

**OPINION AND ORDER**

This case is before the Court on various motions filed by the parties. For the reasons stated below, the Court orders as follows:

1. Defendant City of Atlanta Police Department's (APD) motion to set aside default [ECF 9] is **GRANTED as amended**.

2. Defendant Rontarin David's motion to set aside default [ECF 11] is **GRANTED as amended**.

3. Plaintiff Temetrius Richardson's motion for extension of time to respond to Defendants' motions to dismiss [ECF 12] is **DENIED as moot**.

4. Richardson's motion for default judgment [ECF 13] is **DENIED**.

5. Richardson's motion for hearing in chambers regarding his motion for default judgment [ECF 15] is **DENIED**.

6. Richardson's motion for hearing in chambers regarding Defendants' motions to dismiss [ECF 16] is **DENIED**.

7. Richardson's motion for leave of absence from May 29–July 18, 2024 [ECF 17] is **GRANTED nunc pro tunc**.

8. Richardson's motion to hold APD in contempt [ECF 20] is **DENIED**.

1

**I.     Background**

The heart of Richardson's contention is that David, an APD officer, violated his fundamental right to travel by arresting him for driving without a driver's license. Richardson alleges that he was pulled over by David because his vehicle lacked a "commercial vehicle registration plate."[1] David asked Richardson if he had a driver's license—he did not.[2] Richardson informed David that he did not need a driver's license because he was exercising his "constitutional right to travel."[3] David then arrested Richardson.[4]

Richardson filed this case on December 26, 2023 against David and APD.[5] According to the returns of service filed in this case, APD was served on January 31, 2024, and David was served on February 6.[6] Pursuant to Fed. R. Civ. P. 12, APD and David's responses to Richardson's complaint were due on February 21 and 27, respectively. However, neither APD nor David responded to the complaint within the time allotted.

---

[1]    ECF 1, ¶ 4.2.

[2]    *Id.* ¶ 4.4.

[3]    *Id.* ¶ 4.3

[4]    *Id.* ¶ 4.8.

[5]    ECF 1

[6]    ECFs 7, 8.

Instead, on March 11, APD filed a motion to set aside default.[7] In its motion, APD acknowledged that it had failed to timely respond to the complaint due to a series of errors in the City of Atlanta's mail sorting process but requested that the Court set aside APD's default and allow it to file an out-of-time motion to dismiss.[8] On March 21, David also filed a motion to set aside default.[9] David similarly acknowledged that he had failed to timely respond to the complaint—in this instance due to a miscommunication between APD (his employer) and the City of Atlanta's Law Department (his counsel)—but requested that the Court set aside his default as well and allow him to file an out-of-time motion to dismiss.[10] Defendants filed their proposed motions to dismiss as attachments to their motions to set aside default.[11]

Richardson did not respond to the motions to set aside default. However, Richardson did file a motion for an extension of time to respond to Defendants' motions to dismiss—even though the Court had not yet granted Defendants leave to file their untimely motions to dismiss.[12] Richardson then filed a motion for

---

[7]   ECF 9.

[8]   *Id.*

[9]   ECF 11.

[10]  *Id.*

[11]  ECF 9-2; ECF 11-2.

[12]  ECF 12.

default judgment against David and APD,[13] as well as motions for hearings in chambers regarding his motion for default judgment and Defendants' (proposed) motions to dismiss.[14] Richardson also filed a motion for leave of absence from May 29–July 18, 2024.[15] Lastly, Richardson filed a motion seeking to hold APD in contempt, as APD did not file a Rule 7.1 disclosure statement.[16]

## II. Discussion

The Court will first address several preliminary matters. Richardson's motion for leave of absence is **GRANTED nunc pro tunc**. *See* LR 83.1(E)(5), NDGa. The Court construes Richardson's motions for hearings in chambers as requests for oral argument pursuant to Section II(j) of the Court's Standing Order. Because the Court concludes that oral argument will not be helpful to the resolution of the pending motions, Richardson's requests for hearings are **DENIED**.

Turning to the substantive matters, the Court will first address Defendants' motions to set aside default, which will also resolve Richardson's motion for default judgment and motion for an extension. Then, the Court will address Richardson's motion for contempt.

---

[13] ECF 13.

[14] ECFs 15, 16.

[15] ECF 17.

[16] ECF 20.

### A. Defendants will be permitted to file out-of-time motions to dismiss.

The parties' various motions relating to Defendants' failure to timely respond to the complaint are all based on the flawed premise that the Clerk has entered default against Defendants, when a review of the docket indicates that the Clerk has not. Thus, there is no basis upon which to grant default judgment nor any default to set aside. However, the Court will address the parties' motions in turn and grant Defendants' motions to set aside default, construed as motions for leave to file out-of-time motions to dismiss.

#### 1. Richardson has not obtained a Clerk's entry of default and is therefore not entitled to default judgment.

In this case there has been no Clerk's entry of default as to David or APD, nor has Richardson sought one. Federal Rule of Civil Procedure 55 establishes a two-step process for a party to secure a default judgment. *Frazier v. Absolute Collection Serv., Inc.*, 767 F. Supp. 2d 1354, 1360 n.1 (N.D. Ga. 2011). First, a party seeking default must obtain a Clerk's entry of default by providing evidence "by affidavit or otherwise" that the opposing party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a); *see also Frazier*, 767 F. Supp. 2d at 1360 n.1 ("First, the clerk must enter a party's default . . . the party [seeking the default judgment] must then apply to the court for a default judgment."). Second, *after* the Clerk has made

5

an entry of default, the party seeking the judgment must file a motion under Rule 55(b)(1) or (2).

A default entered pursuant to Rule 55(a) constitutes an admission of all well-pleaded factual allegations contained in a complaint. *Nishimatsu Const. Co. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *see also Cotton v. Mass. Mut. Life Ins. Co.*, 402 F.3d 1267, 1278 (11th Cir. 2005). An entry of a default by the Clerk, however, does not automatically warrant the Court's entry of a default judgment, as a defaulting defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Frazier*, 767 F. Supp. 2d at 1362; *see also United States v. Kahn*, 164 F. App'x 855, 858 (11th Cir. 2006) ("[A] default judgment may not stand on a complaint that fails to state a claim.").

Richardson has not complied with step one of Rule 55(a) by filing a motion for the Clerk's entry of default. This is not a mere persnickety technicality; the law is clear that "the clerk's entry of default must precede an application for default judgment." *Frazier*, 767 F. Supp. 2d at 1360; *see also Am. Deli Int'l, Inc. v. Jay & Young Grp., LLC*, 2014 WL 12098959, at *6 (N.D. Ga. Apr. 24, 2014) (dismissing plaintiffs' motion for default judgment because plaintiffs "have not requested a clerk's entry of default pursuant to Rule 55(a), and no such default has been entered on the docket."); *Sun v. United States*, 342 F. Supp. 2d 1120, 1124 n.2 (N.D. Ga. 2004) (denying plaintiff's motion for default judgment as "premature" because plaintiff

"has failed to obtain the entry of default, a prerequisite to a default judgment"), *aff'd*, 151 F. App'x 860 (11th Cir. 2005).

Since Richardson did not file a motion for entry of default by the Clerk, his motion for default judgment is at best premature, and therefore **DENIED**. And, because there is no default to set aside, the Court will construe Defendants' motions to set aside default as motions for leave to file their out-of-time motions to dismiss.

### 2. Defendants have demonstrated excusable neglect and will be permitted to file their motions to dismiss.

Rule 6(b) provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To guide the Court's analysis, "[t]he Supreme Court has designated four factors that a court should consider when determining whether a late filing results from excusable neglect: (1) the danger of prejudice to the [non-moving party]; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith." *Satco Prods., Inc. v. Seoul Semiconductor Co.*, 551 F. Supp. 3d 1329, 1331 (N.D. Ga. 2021) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)) (quotation marks omitted). At the same time, "'excusable neglect' under Rule 6(b) is a somewhat

'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Id.* (quoting *Pioneer*, 507 U.S. at 392).

The *Pioneer* factors lead the Court to the conclusion that Defendants should be permitted to file their out-of-time motions to dismiss in this case. Addressing the *Pioneer* factors slightly out of order, the Court first notes that there was little delay in the proceedings caused by Defendants' untimely responses. APD's response was due on February 21, 2024, and it moved to set aside default on March 11. Based on the affidavit it submitted with its motion, the responsible City of Atlanta employee was alerted to the summons and complaint on March 4,[17] and APD filed its motion a week later.

David's showing was similar. David's response was due on February 27, and he moved to set aside default on March 21. According to his supporting affidavit, the responsible City of Atlanta Law Department employee was alerted to David's request for representation on March 13,[18] and David filed his motion eight days later. Thus, the Court concludes that Defendants acted promptly in remedying their failures to timely respond to the complaint, and the delays to these proceedings were comparably short.

---

[17] ECF 9-1, ¶ 10.

[18] ECF 11-1, ¶ 9.

Turning back to the first *Pioneer* factor, there is no indication that Richardson will be prejudiced. Richardson did not file an opposition to Defendants' motions to set aside default, and courts in this district have regularly concluded that, in the absence of other evidence, the non-moving party is not prejudiced where the late-filing party causes only a short delay in the proceedings. *See, e.g.*, *Satco Prods.*, 551 F. Supp. 3d at 1332 (granting leave to file answer 14 days late); *Access Point Funding I 2017-A, LLC v. Patel*, 2022 WL 3030545, at *3 (N.D. Ga. July 29, 2022) (granting leave to file answer more than one month late); *Jackson v. Norfolk S. Ry. Co.*, 2021 WL 2582615, at *4 (N.D. Ga. Jan. 22, 2021) (granting leave to file second amended complaint ten days late). Nor is there any prejudice in requiring a plaintiff to prove his case on the merits. *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018).

As to the third *Pioneer* factor, the Supreme Court has held that excusable neglect may include "inadvertent or negligent omission[s]." *Pioneer*, 507 U.S. at 394–95; *see also Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (finding that miscommunication between plaintiff's attorneys, leading to late filing, was an "omission[ ] caused by carelessness" and thus constituted excusable neglect). The affidavits submitted by Defendants similarly evidence inadvertent or negligent omissions: APD's summons and complaint were essentially sorted into the wrong pile of mail, and David and his counsel miscommunicated

9

regarding his request for representation. Thus, the third *Pioneer* factor weighs in favor of allowing the late filings.

Regarding the fourth and final *Pioneer* factor, the Court concludes that Defendants acted in good faith. Defendants were forthright in their explanations as to the reasons for their delays, and there is no evidence that either Defendant willfully or intentionally failed to timely respond to the complaint. Taken together, the *Pioneer* factors weigh in favor of a finding that Defendants' late filings constitute excusable neglect.

Lastly, the Court notes that Defendants' proposed motions to dismiss raise the issues of qualified and sovereign immunity.[19] Qualified immunity "is an *immunity from suit* rather than a mere defense to liability," and the Supreme Court has "repeatedly stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Jordan v. Doe*, 38 F.3d 1559, 1565 (11th Cir. 1994) (emphasis in original) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Hunter v. Bryant*, 502 U.S. 224, 227 (1991)). Likewise, the sovereign immunity afforded to Georgia municipalities is an immunity from suit, *Johnson v. 3M Co.*, 55 F.4th 1304, 1308–09 (11th Cir. 2022) (citing *Primas v. City of Milledgeville*, 296 Ga. 584, 584

---

19   ECF 11-2, at 4–7; ECF 9-2, at 7.

(2015); *Koehler v. Massell*, 229 Ga. 359, 362 (1972)), and is therefore subject to the same prudential considerations, *Hunter*, 502 U.S. at 227.

Because the Court finds that Defendants' late responses to the complaint were due to excusable neglect, and in the interest of seeking to resolve the question of Defendants' immunity at the earliest possible stage in this litigation, Defendants' motions to set aside default—construed as motions for leave to file out-of-time motions to dismiss—are **GRANTED as amended**. Additionally, because Defendants' motions to dismiss will not be considered until the entry of this Order, Richardson's previously filed motion for extension of time to respond to Defendants' motions to dismiss is **DENIED as moot**.

### B. APD will not be held in contempt.

Richardson has also moved to hold APD in contempt for its purported failure to file a disclosure statement pursuant to Fed. R. Civ. P. 7.1.[20] However, Rule 7.1 only applies to "nongovernmental corporate part[ies]" and parties in a case based on diversity jurisdiction. *See also* LR 3.3(A), NDGa (certificate of interested persons and corporate disclosure statement requirement only applies to "private (non-governmental) parties in civil cases."). APD is a governmental entity, and this case is based on federal question jurisdiction, so APD is not

---

[20]   ECF 20.

11

required to file a disclosure statement. Accordingly, Richardson's motion for contempt is **DENIED**.

## III.    Conclusion

The Court issues the following orders: Defendant City of Atlanta Police Department's motion to set aside default [ECF 9] is **GRANTED as amended**. Defendant Rontarin David's motion to set aside default [ECF 11] is **GRANTED as amended**. The Clerk of Court is **DIRECTED** to enter Defendants' motions to dismiss [ECF 9-2 and ECF 11-2] separately on the docket and to mail copies of Defendants' motions to dismiss to Plaintiff Temetrius Richardson's address as listed on the docket along with a copy of this Order. Richardson's response to Defendants' motions to dismiss shall be filed within 14 days of service of the motions. LR 7.1(B), NDGa.

Richardson's motion for extension of time to respond to Defendants' motions to dismiss [ECF 12] is **DENIED as moot**. Richardson's motion for default judgment [ECF 13] is **DENIED**. Richardson's motion for hearing in chambers regarding his motion for default judgment [ECF 15] is **DENIED**. Richardson's motion for hearing in chambers regarding Defendants' motions to dismiss [ECF 16] is **DENIED**.

Richardson's motion for leave of absence from May 29–July 18, 2024 [ECF 17] is **GRANTED nunc pro tunc**. Richardson's motion to hold APD in contempt [ECF 20] is **DENIED**.

**SO ORDERED** this 28th day of March, 2025.

_____
Steven D. Grimberg
United States District Judge