### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

TEMETRIUS RICHARDSON,
    Plaintiff,

        v.

R. DAVID, BADGE #3111, *in his individual capacity, as City of Atlanta Police Officer, and* CITY OF ATLANTA POLICE DEPARTMENT,
    Defendants.

Civil Action No.
1:23-cv-05963-SDG

### OPINION AND ORDER

This case is before the Court on motions to dismiss filed by Defendants City of Atlanta Police Department and R. David [ECFs 35, 36]. Because Plaintiff Temetrius Richardson has not stated a federal civil rights claim, and the Court declines to exercise supplemental jurisdiction over his remaining state law claim, the motions are **GRANTED**, and Richardson's complaint is **DISMISSED WITHOUT PREJUDICE**.

## I.    APPLICABLE LEGAL STANDARD

Fed. R. Civ. P. 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." While this standard does not require "detailed factual allegations," the Supreme Court has held that "labels and conclusions" or "a formulaic recitation of the elements of a

cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To withstand a motion to dismiss for failure to state a claim, "a complaint must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting *Twombly*, 550 U.S. at 570). "[C]onclusory allegations, unwarranted deductions of facts[,] or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). A complaint is plausible on its face when a plaintiff pleads facts sufficient for the court to draw the reasonable inference that the defendant is liable for the conduct alleged. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

At the motion to dismiss stage, "all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *FindWhat Inv'r Grp. v. FindWhat.com*, 658 F.3d 1282, 1296 (11th Cir. 2011) (quoting *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006)). This principle, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678.

When a litigant chooses to proceed *pro se*, his pleading is "held to less stringent standards than formal pleadings drafted by lawyers" and must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation and quotation omitted); *see also Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006), *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010). But even a *pro se* plaintiff must comply with the threshold requirements of the Federal Rules of Civil Procedure. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that "once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The leniency the Court must apply does not permit it "to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Randall v. Scott*, 610 F.3d 701 (11th Cir. 2010).

## II.   DISCUSSION

Richardson brings civil rights claims under 42 U.S.C. §§ 1983 and 1985(3) arising out of Defendants' alleged violations of his constitutional right to travel, his Fourth Amendment right to be free from unreasonable seizure, his Fifth Amendment due process and property rights, and his Eighth Amendment right to be free from excessive bail or fines.[1] He also brings a claim for "breach of trust" for

---

[1]   *See generally* ECF 1.

David's alleged breach of his oath of office, as well as an unjust enrichment claim.[2]

Defendants move to dismiss the complaint, or alternatively for a more definite statement.[3]

Because Richardson fails to state plausible claims for federal civil rights violations under §§ 1983 and 1985(3), those claims and the related "breach of trust" claim are dismissed. Having dismissed the claims arising under federal law, the Court declines to exercise supplemental jurisdiction over the remaining state law unjust enrichment claim.

### A.    Section 1983 and "Breach of Trust" Claims

To state a claim under § 1983, Richardson must show "(1) that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998), *as amended* (May 28, 1998). Here, Richardson has not plausibly alleged a violation of his constitutional right to travel, his Fourth Amendment right to be free from unreasonable seizure, his Fifth Amendment due process and property rights, or his Eighth Amendment right to be free from excessive bail or fines.

---

[2]    *Id.*

[3]    ECFs 35, 36.

Though Richardson enjoys a constitutional right to travel, there is no fundamental right to drive — much less to drive without a state-mandated driver's license or license plate.[4] *See Burlison v. Rogers*, 311 F. App'x 207, 208 (11th Cir. 2008) (citing *McKinney v. Pate*, 20 F.3d 1550, 1555–56 (11th Cir. 1994) (en banc), *abrogated on other grounds as recognized in Littlejohn v. Sch. Bd. of Leon Cnty.*, 132 F.4th 1232 (11th Cir. 2025)) ("When the right at stake — here, possession of a driver's license — is a right created only by state law, it is not a right that gives rise to substantive due process protection under the Due Process Clause."). Rather, "[r]egulation of the driving privilege is a quintessential example of the exercise of the police power of the state, and the denial of a single mode of transportation does not rise to the level of a violation of the fundamental right to interstate travel." *John Doe No. 1 v. Ga. Dep't of Pub. Safety*, 147 F. Supp. 2d 1369, 1375 (N.D. Ga. 2001).

Nor has he plausibly alleged a violation of his Fourth Amendment right to be free from unreasonable seizure. An arrest is "constitutionally reasonable" where "an officer has probable cause to believe a person committed even a minor crime in his presence." *Virginia v. Moore*, 553 U.S. 164, 171 (2008). Richardson's complaint acknowledges that he was driving without a driver's license or a license plate,[5] both of which are required by Georgia law. O.C.G.A. §§ 40-5-20, 40-2-20.

---

[4]    ECF 1, ¶¶ 4.2, 4.4, 4.5.

[5]    *Id.*

Violations of these requirements are misdemeanors. O.C.G.A. §§ 40-5-121, 40-2-8. Thus, Officer David had probable cause to arrest Richardson, and so Richardson's arrest was constitutionally reasonable.

Richardson's Fifth Amendment due process claim appears to be based on the same allegations as his Fourth Amendment warrantless arrest claim and so likewise fails to plausibly allege a constitutional violation.[6] His allegation that he did not receive "just compensation for the sale of his estate and securities that are being traded and sold on the open markets" is nonsensical, conclusory at best, and likewise fails to state a claim.[7]

Richardson does not state an Eighth Amendment excessive bail claim against Defendants, as he has not alleged facts indicating that Defendants "directly participated in the bail process, by, for example, requesting that bail be imposed or preventing the state court judge from exercising his discretion." *Taylor v. Pekerol*, 760 F. App'x 647, 654 (11th Cir. 2019); *see also Henley v. Payne*, 945 F.3d 1320, 1332 (11th Cir. 2019) (affirming the dismissal of an Eighth Amendment excessive bail claim where the complaint did not allege that the defendant "was involved in setting [the plaintiff's] bail or that he had any discretion to alter it").

---

6    *Id.* ¶ 5.4.

7    *Id.* Richardson appears to allege that his traffic citations are his own financial assets that Defendants have seized and sold. *Id.* ¶ 4.17. It is unclear how he might have a Fifth Amendment property interest in the citations themselves.

Though the distinction in the complaint is not entirely clear, Richardson's Eighth Amendment excessive fine claim is also subject to dismissal, as he alleges that he was charged several hundred dollars to get his vehicle out of impound.[8] On the one hand, a "fine" for Eighth Amendment purposes is defined as "a payment to a sovereign as punishment for some offense," *United States v. Bajakajian*, 524 U.S. 321, 327 (1998) (citation omitted), and an impound fee is generally imposed on a vehicle owner to recover the costs of towing and storing the vehicle. On the other hand, even assuming without deciding that an impound fee can constitute a fine, the Court cannot say that it was "grossly disproportional to the gravity of" Richardson's offense here. *Id.* "[J]udgments about the appropriate punishment for an offense belong in the first instance to the legislature," *id.* at 321, and so a fine within the range permitted by statute has a "strong presumption" of constitutionality, *United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 (11th Cir. 1999). The underlying offense of driving without a license carries with it a potential fine between $500 and $1,000 for a first conviction. O.C.G.A. § 40-5-121(a). While Richardson has not pled the precise amount of the "fine," neither has he plausibly alleged that the fine was grossly disproportionate or inconsistent with Georgia law.

---

[8]     *Id.* ¶ 4.16.

7

Because Richardson fails to state claims for violations of his constitutional right to travel or his Fourth, Fifth, and Eighth Amendment rights, and seeing as his "breach of trust" claim is based on those same violations,[9] the "breach of trust" claim is subject to dismissal as well.

### B.    Section 1985(3) Claims

To state a claim under § 1985(3), Richardson must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Lucero v. Operation Rescue of Birmingham*, 954 F.2d 624, 627–28 (11th Cir. 1992) (quoting *United Bhd. of Carpenters & Joiners of Am., Loc. 610, AFL-CIO v. Scott*, 463 U.S. 825, 828–29 (1983)). The second element of a § 1985(3) claim "requires a showing of 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Id.* at 628 (quoting *United Bhd.*, 463 U.S. at 829). Richardson has not alleged racial or other class-based discrimination, and so he cannot state a claim for violation of § 1985(3).

---

9    *Id.* ¶ 5.6.

### C.      Unjust Enrichment Claim

Having dismissed Richardson's federal law claims under §§ 1983 and 1985(3), as well as the related "breach of trust" claim to the extent it arises under federal law, the Court declines to exercise supplemental jurisdiction over his state law unjust enrichment claim. Under 28 U.S.C. § 1367(a), the Court may hear state law claims that "arise out of a common nucleus of operative fact" with the federal law claims. *Parker v. Scrap Metal Processors, Inc.*, 468 F.3d 733, 743 (11th Cir. 2006). However, § 1367 "reflects a dichotomy between a district court's power to exercise supplemental jurisdiction, § 1367(a), and its discretion not to exercise such jurisdiction, § 1367(c)." *Id.* at 742. Section 1367(c)(3) gives the Court the discretion to "decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)). That is precisely the case here: Richardson has failed to state claims under §§ 1983 and 1985(3) at the pleadings stage, and therefore the Court should decline to exercise supplemental jurisdiction over the remaining state law claim. Accordingly,

9

Richardson's unjust enrichment claim is dismissed from this federal action without prejudice.

## III.    CONCLUSION

Defendants' motions to dismiss [ECFs 35, 36] are **GRANTED**. Richardson's complaint is **DISMISSED WITHOUT PREJUDICE**. Richardson may file, within **30 days of this Order**, an amended complaint seeking to cure the deficiencies described herein. If Richardson chooses not to do so or fails to timely do so, his federal claims will be considered dismissed with prejudice.

The Clerk is **DIRECTED** to administratively close this case.

**SO ORDERED** this 30th day of March, 2026.

Steven D. Grimberg
United States District Judge